OPINION OF THE COURT
Edith Miller, J.
On September 12, 1980, the Commissioner of Social Services filed a neglect petition, pursuant to article 10 of the Family Court Act. The petition alleged that Sandra H., born July 16, 1980, had been “abandoned” by her mother in Metropolitan Hospital. The factual allegations assert that the respondent mother made statements to certain hospital employees evincing rejection of her child; that she left the hospital on July 19 without taking her daughter (although the child was medically fit for discharge); and that she had furnished the hospital with fictitious addresses. Upon the filing of this petition, the court ordered a diligent search for her whereabouts, but they remain unknown.
The commissioner initially having physical custody of Sandra since the end of July, pursuant to his statutory duty (Social Services Law, § 398, subd 2, par [a]), now *410 seeks by way of this petition legal custody, pursuant to section 1059 of the Family Court Act.
On September 12, 1980, upon the initiation of the instant petition, this court remanded Sandra to the custody of the commissioner, pending the outcome of the proceeding.
The relief sought by the commissioner is court placement of Sandra in foster care under the supervision of the Department of Social Services. Before this court can proceed on the petition, personal jurisdiction over the parents must be acquired. Since their whereabouts are unknown, the commissioner has moved for an order of publication to meet the requirement of notice.
Assuming the truth of the commissioner’s allegations, there is no question that Sandra has been abandoned. The law provides two courses of action when a child has been abandoned. One (the one which the commissioner has chosen) leads to the placing of the child in the foster care system. (Family Ct Act, art 10.) The other terminates parental rights thereby freeing the child for adoption (Social Services Law, § 384-b). The court asked the commissioner to submit a memorandum of law, clarifying for the court, why the commissioner chose the former which would not lead to the desirable goal of freeing Sandra for adoption before her first birthday.
In the commissioner’s memorandum of law, the first contention contained therein, was that were the commissioner to forego filing a neglect petition in favor of waitiiig the required six-month statutory period, and then file a petition seeking to free the child, Sandra, for adoption, he would be acting in contravention of section 398 (subd 2, par [a]) of the Social Services Law, mandating his filing such a neglect petition. As the commissioner has filed the petition herein that requirement has been met. However, the mere filing of a petition does not require that it be granted, especially in light of the Legislature’s expressed desire that children such as Sandra not be deprived of “positive, nurturing family relationships”. (Social Services Law, § 384-b, subd 1, par [b].) *411 The best interests of this child who has no family ties that we know of require a permanent resolution.
Second, the commissioner contends that foregoing a neglect petition in Sandra’s case and those of other “abandoned” children in favor of later section 384-b action, would in effect make section 1059 of the Family Court Act superfluous. The court finds this to be an overbroad generalization. Each individual case would have to be considered on its own merits. The best interests of all “abandoned” children do not require section 384-b action in each and every case (i.e., older children who have ties with relatives or other suitable adults). In the instant case, the commissioner can provide the necessary interim care for Sandra without the necessity of her being found a neglected child. Therefore, a finding of neglect serves no practical purpose.
Third, the commissioner contends the Department of Social Services cannot receive reimbursement from the Federal Government pursuant to Aid to Families with Dependent Children (AFDC) (US Code, tit 42, § 608) without a court order, granting them custody in such cases. The court believes this to be incorrect. Subdivision (a) of section 608 of title 42 of the United States Code extends reimbursement to “dependent children” removed from the home of a “relative” as a result of a “judicial determination to the effect that continuation therein would be contrary to the welfare of such a child”. Sandra does not now, nor has she ever had such a home. The remand of the court in effect since September 12, 1980, should satisfy the requirement that there be a “judicial determination”. The remand to the Commissioner of Social Services was based on the best interest of the child absent an available natural family home.
Furthermore, the court feels the commissioner is being “pennywise and pound foolish” in his economic argument. The legal costs of two separate proceedings, necessitating two notices of publication, in which the issues and the evidence are the same, is obviously a greater financial burden on the public than one. Moreover, the commissioner should consider the time involved in having two separate proceedings, requiring the same case *412 workers with duplicating testimony. Finally, the cognizance of economic realities with regard to Sandra and reimbursement under AFDC (US Code, tit 42, § 608) should not be allowed to be the sole determining factor. The detriment to a child’s general well-being and self-esteem by denying her a “positive, nurturing family” relationship (which she would receive by being placed in an adoptive home at this time rather than a foster home) cannot be offset by “X” amount of dollars being received by an agency.
The court having duly considered the arguments of the Commissioner of Social Services hereby denies his motion for an order of publication in the instant petition.
The court finds that (1) It is in the best interests of the child, Sandra H., that she be placed in an adoptive home as soon as possible rather than remain in foster care. Most studies recognize the fact that the younger a child, the greater the chance of his/her being adopted. (2) The court must take judicial notice of the fact that the Commissioner of Social Services does not act in a timely fashion in freeing children in foster care for adoption. Although section 1059 of the Family Court Act mandates that upon a finding of abandonment, when the child is placed in foster care, that “the court shall direct the commissioner to institute a proceeding pursuant to section three hundred eighty-four-b of the social services law to legally free such child for adoption”, the reality is that the commissioner does not ordinarily follow through on such termination proceedings until after there is an extension of placement review, 18 months after placement. This means that infants such as Sandra are not adopted until they are three years old or more. The court further notes that the Legislature has even anticipated noncompliance on the part of the commissioner (Social Services Law, § 392, subd 2, par [c]; § 384-b, subd 3, par [b]; Family Ct Act, § 1055, subd [d]) giving the right to foster parents to initiate proceedings when the Department of Social Services fails to act. (3) Furthermore, in a case such as Sandra’s, when a newborn child is abandoned virtually at birth, and where in all likelihood her parents’ whereabouts or even their true identities may *413 never be discovered, it is the public policy of the State to free the child for adoption as soon as possible. For, as the Legislature declared in section 384-b (subd 1, par [b]) of the Social Services Law: “[M]any children who have been placed in foster care experience unnecessarily protracted stays in such care without being adopted or returned to their parents or other custodians. Such unnecessary stays may deprive these children of positive, nurturing family relationships and have deleterious effects on their development into responsible, productive citizens. The Legislature further finds that provision of a timely procedure for the termination, in appropriate cases, of the rights of the natural parents could reduce such unnecessary stays.” (Emphasis added.)
Therefore, it is the decision of this court, pursuant to the powers granted it under section 255 of the Family Court Act, that the instant petition be dismissed on February 19, 1981, and that Sandra H. continue on remand to the custody of the Commissioner of Social Services until that time. The commissioner is forthwith directed to find an adoptive home for the child, and on January 19, 1981 or shortly thereafter to initiate proceedings to free Sandra H. for adoption, pursuant to section 384-b of the Social Services Law.